UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 15-21209-Civ-COOKE/TORRES

GRACE SOLIS,

    Plaintiff,

vs.

ALPHA RECOVERY CORP. OF COLORADO,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant ALPHA RECOVERY CORPORATION, ("Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

### Preliminary Statement

1. Admitted that Plaintiff seeks relief under the named statutes and theory, but denied that Plaintiff is entitled to any relief thereunder from Defendant.

2. Denied that Defendant has engaged in any wrongdoing and without knowledge as to Plaintiff's intentions.

3. Denied.

### Jurisdiction

4. Admit that the statute speaks for itself.

5. Admit that he cited statute speaks for itself. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

6. Denied. Defendant demands strict proof thereof.

## Parties

7. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

8. Denied. Defendant demands strict proof thereof.

9. Admit.

## Factual Allegations

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied. Defendant demands strict proof thereof.

16. Denied.

17. Denied that Exhibit B is an authenticated or official document to be relied upon. Without knowledge as to Plaintiff's actions on this date. Therefore denied.

18. Denied that Exhibit C is an authenticated or official document to be relied upon. Otherwise denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admit that Exhibit D speaks for itself.

24. Admit that Exhibit E speaks for itself.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied,

28. Without knowledge and therefore denied.

29. Denied.

30. Denied.

31. Denied that any violations occurred and without knowledge as to the motivation of Plaintiff in arranging for any correspondence.

32. Without knowledge and therefore denied.

33. Denied.

34. Without knowledge and therefore denied.

## Violations of the Telephone Consumer Protect Act

35. Defendant re-asserts its responses to Paragraphs 1-34 above.

36. Denied.

37. Admit that the statute speaks for itself.

38. Denied.

39. Admit that the statute speaks for itself.

40. Denied.

41. Denied.

## Violation of the Fair Credit Reporting Act

42. Defendant re-asserts its responses to Paragraphs 1-41 above.

43. Denied. Defendant demands strict proof thereof.

44. Admit that the statute speaks for itself.

45. Admit that the statute speaks for itself.

46. Admit that the statute speaks for itself.

47. Admit that the statute speaks for itself.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

    a. Denied.

    b. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of federal and/or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### FOURTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Defendants are entitled to a set-off from any recovery made by the Plaintiff of the debt(s) which is owed to Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that any credit report of Plaintiff was obtained, Defendant had a "permissible purpose" as defined by the FCRA to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that the Debtor/Petitioner provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on her cellular telephone.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert, without admitting any liability whatsoever, that to the extent Plaintiff's claims for actual damages seeks non-economic damages, such claims are barred by the impact rule as Plaintiff has failed to alleged physical impact or injury.

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

/s/ Dale T. Golden
Dale T. Golden, Esq.
FBN: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Direct: (813) 251-3632
Fax: (813) 251-3675
dgolden@gsgfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
Dale T. Golden, Esq.
FBN:  0094080